UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL KEVIN TEAL,

    Plaintiff,

v.                                  Case No. 3:15-cv-1402-J-34JBT

PAMELA JO BONDI, et al.,

    Defendants.
_____

## **ORDER**

1. Garren Richardson's Motion to Quash Summons (Doc. 94; Richardson Motion) is **TAKEN UNDER ADVISEMENT.** A Deputy U.S. Marshal completed a return of service on October 26, 2017, certifying that the Deputy personally served a person named Garren Richardson at an address provided under seal in the Court's record (Doc. 77). In the Richardson Motion, Mr. Richardson, the person served, asserts that he is not the Garren Richardson named in the Complaint (Doc. 24) in this action. Richardson Motion at 1-2. Mr. Richardson explains that he was attending high school at the time during which Plaintiff, Daniel Kevin Teal, alleges defendants violated his constitutional rights. Richardson Motion at 2. In support, Mr. Richardson attaches an exhibit (Doc. 94-1; Richardson Exhibit), purportedly to prove he was attending high school and not working for the correctional facility during the relevant time period. However, the exhibit Mr. Richardson attaches does not support his contention. See Richardson Exhibit. Rather, the exhibit he attaches, likely inadvertently, is an inmate grievance appeals records search result for Daniel Teal. See id. Teal has not filed a response to the Richardson Motion, despite being ordered to do so. See Order (Doc. 109).

While the Court recognizes that Teal bears the burden of establishing proper service of process, see 5B Wright and Miller, Federal Practice and Procedure § 1353, the executed return of service serves as prima facie evidence of proper service, Mfrs. Hanover Trust Co. v. Ponsoldt, 51 F.3d 938, 941 (11th Cir. 1995). See also Martinez v. Deutsche Bank Nat'l Tr. Co., No. 5:11-cv-580-Oc-10TBS, 2012 WL 162360, at *2 (M.D. Fla. Jan. 19, 2012) ("The return of service is prima facie evidence but not conclusive proof of good service."). As such, although Teal has not responded to the Motion, Mr. Richardson's unsupported assertion is insufficient to overcome the prima facie evidence of proper service. Nevertheless, as it appears Mr. Richardson may have attached the wrong document to the Richardson Motion, the Court will give him an opportunity to supplement the Motion with documentation or evidence supporting his contention. Thus, by **March 28, 2018**, Mr. Richardson must file a supplement to his Motion to Quash, which provides proper documentation supporting his claim that he is not the proper party to this action. The Court will defer ruling on the Richardson Motion until that time.

2. Shea Tomlinson's[1] Motion to Quash Summons (Doc. 124; Tomlinson Motion) is **GRANTED**. Teal purportedly effected service of process on Defendant Thomlinson on November 22, 2017. In the Motion, Shea Tomlinson asserts that Teal "has served the wrong person." See Tomlinson Motion at 2. She supports the Tomlinson Motion with a declaration in which she avers she was erroneously served (Doc. 124-1; Tomlinson Declaration). Teal has not filed a response to the Tomlinson Motion. In the Tomlinson Declaration, Tomlinson acknowledges that she worked for the correctional

---

[1] This Defendant's name is spelled with an "h" (Thomlinson) on the executed return of service and in Teal's Complaint. According to the Defendant's Motion to Quash, her last name is spelled "Tomlinson." See Doc. 124-1.

facility during the relevant time period, but explains that she was not working in the confinement dorm where the alleged incident occurred, stating that only males are permitted to work in that area. Tomlinson Declaration at ¶ 2. Tomlinson avers that she is female. Id. She notes that, in his Complaint, Teal describes "Thomlinson" as male, referring to him throughout with a male pronoun. See Complaint at 13, 16. In addition, she explains that, during the period described in the Complaint, her name was Cortina, not Tomlinson. Tomlinson Declaration at ¶ 4. Notably, in a response to this Court's Order (Doc. 57) seeking identifying information regarding other defendants, Teal commented that "these [defendants] are all men." See Response (Doc. 65) at 1. While Teal was providing a description of a different defendant when he wrote that comment, he appeared to be referencing all defendants collectively, and he later mentioned the defendant he identified in his Complaint as Thomlinson/Richardson,[2] saying his "last place of [e]mployment was Columbia C.I." See id. at 2. According to the Tomlinson Declaration, Shea Tomlinson was employed at Hamilton Correctional Institution. See Tomlinson Declaration at ¶ 1. Given Teal's statements, the allegations of his Complaint, and Shea Tomlinson's sworn, affirmative statements, it appears that Shea Tomlinson, although served with process, is indeed the incorrect person. As such, the Tomlinson Motion is **GRANTED**, and service of process as to Shea Tomlinson is **QUASHED**.

3. By **March 28, 2018**, Teal must **SHOW CAUSE** why Defendant Thomlinson (a.k.a. Richardson) should not be dismissed from this action for failure to identify or locate him after exhausting reasonable efforts to do so. See Orders (Docs. 57, 74).

---

[2] Teal indicated in his Complaint that Tomlinson was formerly known as Richardson.

4. Before the Court are three Notices of Filing and Motions to Adopt Pleading (Docs. 114, 120, 139; collectively, Motions to Adopt), in which Defendants Collins, Bondi, Harrell, Land, and Dela Cerna, citing to Rule 10(c) of the Federal Rules of Civil Procedure (Rule(s)), move to adopt arguments set forth by Defendants Bennett, Wellhausen, Palmer, Camille, Bowden, Morgan, Allen, Kitchens, King, Jones, and McManus in their Motion to Dismiss (Doc. 100; Motion to Dismiss). The Motions to Adopt are **DENIED**. Rule 8(a) and Local Rule 3.01(a), Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), require a movant to file a properly-supported motion seeking affirmative relief accompanied by a memorandum of applicable legal authority. Moreover, given the number of defendants and the various claims Teal has raised, the Court is not convinced by these Defendants' assertions that "[t]he facts alleged against these Defendants are consistent with the facts alleged as to the other Defendants," see Motions to Adopt (Doc. 120 at ¶ 5; Doc. 114 at ¶ 3; Doc. 139 at ¶ 3), such that they should not present a proper motion addressing the specific claims and actions attributed to each of them. Therefore, by **March 28, 2018**, if these Defendants wish to pursue a dismissal of Teal's Complaint, Defendants must file motions to dismiss in which they set forth substantive grounds for relief as to each Defendant, in compliance with Rule 8(a) and Local Rule 3.01(a).

5. On February 9, 2018, Teal filed a document titled "Response to Court's Order / Motion to Stay Proceedings / Appointment of Counsel" (Doc. 135; Response to Order), in response to this Court's order granting him an extension of time within which to provide identifying information to effectuate service of process on some defendants (not those referenced in this Order). See Order (Doc. 129). In the Response to Order,

4

Teal reasserts his request to "stay" the proceedings[3] and requests appointment of counsel. Teal contends that he has been subjected to harassment and assaults, and is too "agitated and stress[ed] out to litigate his [case]." Response to Order at 1. The Court takes the opportunity to advise Teal that the inclusion of these requests for affirmative relief in the Response to Order rather than filing a motion is improper. See Rule 7(b)(1). Moreover, Teal has failed to comply with Local Rule 3.01(a) and (g). As such, his requests are not properly before the Court. Nevertheless, the Court will briefly address his concerns, particularly since they suggest a lack of interest in, or ability to, prosecute his case at this time.

First, if Teal had submitted a proper motion requesting appointment of counsel, it likely would be denied at this stage of the proceedings. A plaintiff in a civil case does not have a constitutional right to counsel, and courts have broad discretion in deciding whether to appoint counsel. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). A court should appoint counsel in a civil case only in "exceptional circumstances." Id. Here, Teal's filings suggest that he has the ability to understand and present his own claims, and he has not shown exceptional circumstances that would warrant the appointment of counsel at this early stage of the proceedings.

Second, the Court will not stay the proceedings. Teal has filed a lawsuit naming thirty-two defendants, the Court has expended time and resources to identify and serve them, and some defendants have responded to the Complaint by filing motions to which

---

[3] Teal filed a Motion to Stay on January 8, 2018 (Doc. 111), which the Court denied as a motion for injunctive relief. See Order (Doc. 130). Teal also requested the Court stay the proceedings in his response (Doc. 131) to an Order to Show Cause (Doc. 128). Teal sought a stay pending the Court's ruling on his motions for temporary restraining order (Docs. 111, 126; Emergency Motions). At the time of his filing, the Court had already ruled on the Emergency Motions. See Order (Doc. 130).

5

Teal is obligated to respond.[4] Moreover, the Court has a responsibility to timely adjudicate claims presented to assure justice for plaintiffs and defendants, alike. Teal has not presented facts or circumstances warranting a stay and thereby depriving the named Defendants of the opportunity for a timely adjudication of the claims against them. Although Teal is proceeding pro se, he must follow the Federal Rules of Civil Procedure in prosecution of this matter including meeting all appropriate deadlines unless he obtains relief from the Court. See Moon v. Newsome, 863 F.2d 835, 837-38 (11th Cir. 1989). To the extent Teal's request to stay the proceedings is a request for additional time within which to respond to the pending Motion to Dismiss, the Court will **GRANT** him an extension within which to do so. Teal must respond to the Defendants' Motion to Dismiss (Doc. 100) by **March 28, 2018**. The Court advises Teal that if he no longer wishes to litigate this matter, he may file a notice of voluntary dismissal. If he chooses to do so, he should keep in mind the applicable statute of limitations.

6.      The claims against Defendants Williamson and Rivera are **DISMISSED without prejudice**. On January 22, 2018, the Court directed Plaintiff to show cause why Defendants Williamson[5] and Rivera should not be dismissed from this action. See Order to Show Cause (Doc. 128). In that Order, the Court detailed the reasonable efforts taken to identify and serve Williamson and Rivera. See id. On February 1, 2018, Teal filed a response providing similar limited physical descriptions for Williamson and Rivera, but he provided no additional identifying information to assist in the service of process of these Defendants (Doc. 131). As to Rivera, Teal states, "or whatever his name is," and, as to

---

[4] Teal's response to the Motion to Dismiss was due on February 20, 2018. See Order (Doc. 129). In addition, two additional defendants were served on February 8, 2018, with responses due within 60 days of service.
[5] Teal later stated that Williamson's name is actually "Williams" (Doc. 65).

Williamson, Teal notes he "could be wrong" about his name. In consideration of the foregoing, the Court finds reasonable efforts to locate Defendants Williamson and Rivera have been exhausted. Therefore, the claims against Defendants Williamson and Rivera are **DISMISSED without prejudice**. The **Clerk of Court** is directed to terminate Defendants Williamson and Rivera from the docket.

7. The **Clerk of Court** is directed to mail Teal a Civil Rights Complaint Form, per his request (Doc. 135).

8. The Order to Show Cause (Doc. 127) is **DISCHARGED**. See Defendant Dela Cerna's Response (Doc. 138) and Motion (Doc. 139).

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of February, 2018.

MARCIA MORALES HOWARD
United States District Judge

Jax-6
c:
Daniel Kevin Teal, #070508
Counsel of Record